

| | |
|---|---|
| Jacob Z. Weinstein, Esq. | Israel D. Weinstein, Esq.* |
| Direct: 646-450-3484 | Direct: 212-810-2143 |
| E-Mail: Jacob@WeinsteinLLP.com | E-Mail: Israel@WeinsteinLLP.com |
| | *Also Licensed In New Jersey* |

March 7, 2022

<u>Via ECF</u>
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street.
New York, NY 10007-1312

Application GRANTED.  Defendants' motion to stay discovery is granted substantially for the reasons stated in this letter.

Dated: March 15, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   *Lateral Recovery, LLC, et al. v. Queen Funding, LLC et al.*,
       21-CV-09607 (LGS)

Honorable Judge Schofield:

We represent Defendants Queen Funding, LLC and Yehuda Klein (hereinafter "Defendants") in the above-mentioned matter. As per the motion scheduling Order issued by Your Honor, Defendants' motion to dismiss is fully submitted and briefed. As discussed on scheduling conference January 20, 2022, and within the Joint Letter submitted to your Honor on January 12, 2022 (*ECF* No. 15), Defendants are making the instant motion to stay discovery.

A discovery stay may be entered "where resolution of a preliminary motion may dispose of an entire action. *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 527 (S.D.N.Y. 2013). "Counts consider: '(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'" *Cambridge Capital LLC v. Ruby Has LLC*, 2021 WL 2413320, at *1 (S.D.N.Y. June 10, 2021). "In considering the strength of the motion to dismiss, the court applies the standard whether it presents 'substantial grounds for dismissal,' or the alternative formulation *** whether Defendant has made a 'strong showing that [the party moving for the stay] is likely to succeed on the merits.' *Id*.

In the instant matter, Plaintiff is seeking expansive discovery on many matters that are irrelevant to the instant action, including identifying innocent individuals who are not parties to this action, that will result in protracted discovery disputes. All while a motion to dismiss is pending before Your Honor which will obviate any need for discovery.

Importantly, a stay of discovery does not prejudice Plaintiff, who has already purchased the rights of FTE and is merely attempting to enforce rights FTE alleges it would have. No active injury is sustained by Plaintiff, or claimed by Plaintiff. Any delay will not result in a loss of evidence, nor will it increase difficulties of discovery, and delay alone does not constitute prejudice. *Cf. Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). Additionally, this case is in its

infancy. Courts generally find no prejudice where an action is still in its early stages and discovery has not yet commenced. *See e.g.*, *Giminez v. L. Offs. of Hoffman & Hoffman*, 2012 WL 2861014 (E.D.N.Y. July 11, 2012).

The pending motion to dismiss addresses both the insufficiency of the Complaint as well as claims as a matter-of-law. Within Defendants' papers, we have presented substantial reasons why the Complaint should be dismissed: (1) lack of underlying illegality giving rise to RICO claims; (2) lack of Rule 9 particularity to Plaintiff's Wire Fraud RICO claim; (3) the inability of the Complaint to properly assert the alleged Enterprise-in-fact, continuity, and/or distinctiveness; (4) the one-year statute of New York State limitations issue involved in a recovery for overpaid interest; and (5) the sufficiency of the Agreements under established law as not being loans. Importantly, the substantive issues with the Complaint will not be cured by an amendment (which Plaintiff never requested or informed the Court it contemplated either in opposition papers nor in their pre-motion letter). *See Johnson v. N.Y. Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

As Your Honor stated in *Global Interactive Media, Inc. v. TV Media, Inc.*, 20-cv-5099 (LGS) (S.D.N.Y. June 28, 2021) "[a] discovery stay is warranted because Defendant's motion may dispose of the entire action." Here, Defendants' motion is directed at the entirety of the Complaint and may dispose of the entire present action, Defendants request that Your Honor impose a discovery stay pending the outcome of the motion to dismiss.

Respectfully submitted.

Jacob Z. Weinstein

cc: Plaintiff's Counsel (*via ECF*)