

| | |
|---|---|
| Jacob Z. Weinstein, Esq. | Israel D. Weinstein, Esq.* |
| Direct: 646-450-3484 | Direct: 212-810-2143 |
| E-Mail: Jacob@WeinsteinLLP.com | E-Mail: Israel@WeinsteinLLP.com |
| | *Also Licensed In New Jersey* |

November 23, 2022

*Via ECF*
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street.
New York, NY 10007-1312

Plaintiff shall file a response, not to exceed three pages, by **December 2, 2022**. So Ordered.

Dated: November 28, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   *Lateral Recovery, LLC, et al. v. Queen Funding, LLC et al.*,
      21-CV-09607 (LGS)

Honorable Judge Schofield:

      We represent Defendants Queen Funding, LLC and Yehuda Klein (hereinafter "Defendants") in the above-mentioned matter. In accordance with Local Rule 37.2 and Court's Individual Rule II (B)(2) Defendants hereby request a conference with the Court regarding discovery disputes between the parties.  The Parties met and conferred on this matter on November 15, 2022 via telephonic conference and the disputes are still present.

      Plaintiff is seeking a deposition of Mr. Klein and a Rule 30(b)(6) deposition of Defendant Queen Funding, LLC.  *See* **Exhibit A**, Plaintiff's deposition notices. In response to Plaintiff's deposition notices, Defendants responded with a request to meet and confer due to the myriad of issues present.  *See* **Exhibit B** (Defendants' November 14, 2022 letter). Upon a meet-and-confer on November 15, 2022, Plaintiff issued a revised 30(b)(6) Notice.  *See* **Exhibit C**. However, Plaintiff's notice is without the reasonable particularity and without discernible boundaries.  *See Winfield v. City of New York*, 15-cv-5236, 2018 WL 840085, *5 (S.D.N.Y. Feb. 12, 2018). Moreover, Plaintiff has acknowledged the limitations imposed by Rule 30(d)(1).

      Defendants' Counsel has informed Plaintiff of the deficiencies within their 30(b)(6) Notice on November 16, 2022 and has not received a response. *See* **Exhibit D**. As such, Defendant Queen Funding, LLC is seeking a Protective Order relating to an anticipated Rule 30(b)(6) deposition. The Court has the discretion to limit discovery or issue a protective order if necessary to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see, e.g., Fung-Schwartz v. Cerner Corp.*, 2020 WL 5253224, at *1 (S.D.N.Y. Sept. 2, 2020).

      In evaluating a Rule 30(b)(6) notice of deposition, the Court may consider whether the topics are "proportional to the needs of the case, not unduly burdensome or duplicative, and

described with `reasonable particularity.'" *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, 2017 WL 9400671, at *1 (S.D.N.Y. Apr. 27, 2017) (citation omitted); *see, e.g., Kemp v. CSX Transportation*, , 2020 WL 8461515, at *1 (N.D.N.Y. Oct. 23, 2020) ("As with other forms of discovery, a Rule 30(b)(6) deposition notice is subject to the limitations under Federal Rule 26 — deposition topics should be proportional to the needs of the case, not unduly burdensome or duplicative, and described with `reasonable particularity.'") (citation omitted). "Reasonable particularity means that the noticing party must describe the noticed topics with painstaking specificity as to subject areas that are relevant to the dispute at issue." *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, 2022 WL 2702378, at *2 (E.D.N.Y. Feb. 11, 2022) (citations omitted).

Plaintiff has alleged a closed-ended RICO matter. This is not a class action. Plaintiff has made no allegation relating to any other entity that is allegedly subject to the claimed practices within the Complaint. Rather, the Complaint makes sweeping allegations with zero basis as to Queen Funding LLC's other clients. Plaintiff is seeking broad and sweeping discovery involving matters and entities unrelated to the present action. The 2015 amendments to Rule 26(b)(1) of the Federal Rules of Civil Procedure explain that the scope of discovery extends only to nonprivileged matters that are both (a) relevant to a claim or defense and (b) "proportional to the needs of the case". As the advisory committee notes, the amended rule is intended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse" by emphasizing the need to analyze proportionality before ordering production of relevant information. Moreover, the burden of demonstrating relevance remains on the party seeking discovery.

Within a civil RICO claim the scope of discovery is limited. The RICO label to this action, does not give Plaintiff a blank check for discovery. When attempting to obtain discovery on "pattern and practice", Plaintiff must allege these third parties have experienced the same or a substantially similar scheme which forms the basis of Plaintiff's RICO claim. To establish a "pattern" of racketeering activity, a plaintiff must show "at least two predicate acts, [and] show that the predicate acts are related, and that they amount to, or pose a threat of, continuing criminal activity." *Schlaifer Nance & Co. v. Estate of Warhol,* 119 F.3d 91, 97 (2d Cir. 1997) (citing *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 239, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989)). "Predicate acts are `related' for RICO purposes when they `have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events.'" *Id.* (quoting *H.J. Inc., 492* U.S. at 240, 109 S.Ct. 2893); *see also 4 K & D Corp. v. Concierge Auctions, LLC,* 2 F. Supp. 3d 525, 535 (S.D.N.Y. 2014). Plaintiff has not made any actual or firm allegations relating to other entities; thus, the discovery Plaintiff seeks is outside the scope of this action.

Additionally, on November 11, 2022, sent a demand for supplemental discovery. *See* **Exhibit E**.[1] The demand was discussed at the above-mentioned meet-and-confer on November 15, 2022, and yet Plaintiff has still not addressed the outstanding discovery requests and issues.

---

[1] As mentioned within Exhibit E, Plaintiff has still not revised its responses to Defendants discovery requests. Plaintiff's responses are reproduced as **Exhibit F** herein.

Page **3** of **3**
*Lateral Recovery, LLC, et al. v. Queen Funding, LLC et al.*,
21-CV-09607 (LGS)

      Of note, in the four months since their production, Plaintiff has failed to produce a Privilege Log.

      For the reasons stated herein as well as within the attached exhibits, Defendants wish to make a proper and full motion to address all these matters and for a protective order relating to the proposed depositions and discovery.

                                Respectfully submitted.

                                Jacob Z. Weinstein

cc: Plaintiff's Counsel (*via ECF*)