```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LATERAL RECOVERY, LLC, et al.          :
                                       :       21-CV-9607 (LGS) (RWL)
                   Plaintiffs,         :
                                       :
       - against -                     :       ORDER
                                       :
QUEEN FUNDING, LLC et al.              :
                                       :
                   Defendants.         :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves the privilege issue (first raised by Defendants at Dkt. 62) left open by the Court's order dated December 8, 2022 at Dkt. 67 and further addressed by the parties at Dkts. 65, 68, and 71. In short, Defendants claim that Plaintiff Lateral Recovery, LLC cannot assert privilege over attorney-client communications between FTE personnel and FTE counsel (internal and external) because Lateral is merely an assignee of FTE's legal claims in this case (by way of foreclosing on a credit agreement), and there is no common legal interest between Lateral and FTE. The Court disagrees.

First, the parties dispute whether FTE and its subsidiaries are plaintiffs in this action. Although, as Defendants point out, Lateral is the purported assignee of FTE's interests, the caption refers to "Plaintiffs" plural, and identifies FTE and its subsidiaries each as a Party in the Complaint. And, in her decision denying Defendants' motion to dismiss, Judge Schofield explicitly recognized that "Plaintiffs include FTE Networks, Inc., and its three subsidiaries...." (Dkt. 36 at 1.) The Court therefore cannot conclude that FTE and its subsidiaries are not named parties in this action. Outside counsel represents all Plaintiffs to the action, and any communications that were shared between them

1

concerning legal advice sought from or provided by counsel of record pertaining to the subject matter of this case are protected as privileged.

Moreover, each of the Plaintiff parties shares a common legal interest insofar as they each are a Plaintiff in this action. And even if FTE and its subsidiaries were deemed not to be parties in this action, FTE and its subsidiaries have a common legal interest with Lateral inasmuch as Defendants challenge the validity of the assignment. If the agreement were found to be invalid, it potentially could have legal consequences not only for Lateral but also for FTE and its subsidiaries as parties to the agreement. FTE's having provided Lateral with communications between FTE and its attorneys was to enable Lateral to obtain the benefit of the consideration provided under their agreements directly at issue here. FTE and its subsidiaries necessarily have a legal interest, identical to Lateral's, in seeing that the assignment is upheld.

Accordingly, even though attorney-client privilege does not ordinarily follow assignment of an asset, the privileged communications at issue here are protected from waiver by common legal interest.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: December 27, 2022
         New York, New York

Copies transmitted this date to all counsel of record.